**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH FITZGERALD PALMER, | No. 13-16886 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01786-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 19, 2015[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Kenneth Palmer ("Palmer") appeals the district court's decision affirming

the Administrative Law Judge's ("ALJ") denial of supplemental security income

("SSI") benefits.  We reverse and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The ALJ failed to properly analyze the medical opinion testimony. Most importantly, the ALJ's decision did not discuss the opinion of Palmer's treating psychologist, Dr. V. Abhyanker. This was error. An ALJ may not "avoid the[] requirements" of providing specific and legitimate reasons for rejecting a doctor's opinion "simply by not mentioning the treating physician's opinion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015). The failure to consider Dr. Abhyanker's testimony was not harmless because the vocational expert ("VE") testified that with the limitations Dr. Abhyanker identified, Palmer would be unable to sustain employment.

**2.** The ALJ's improper rejection of Dr. Abhyanker's opinion was compounded by two additional errors. First, substantial evidence does not support the ALJ's decision to discount treating pain specialist Dr. John Porter's assessment that Palmer's pain would "frequently" interfere with attention and concentration. Even Dr. Brent Geary, a state agency doctor whose opinion the ALJ claimed contradicted Dr. Porter's assessment, noted that Palmer exhibited "significant difficulty with orientation, maintenance of attention and concentration." Thus, contrary to the ALJ's finding, the record did support Dr. Porter's pain assessment.

This error was not harmless because the VE testified that a person with the concentration limitations identified in Dr. Porter's pain assessment, combined with Palmer's physical limitations, would "have difficulty sustaining employment."

**3.** Second, the ALJ erred by disregarding Palmer's subjective pain testimony in the absence of malingering without giving "clear and convincing reasons, supported by evidence in the record." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ pointed to the "assessments of the state agency medical consultants" as supporting his rejection of Palmer's pain testimony. But those consultants focused on Palmer's mental impairments and made no specific findings about his pain levels. Thus, their assessments do not constitute "clear and convincing evidence." This error was not harmless because the VE testified that a person with "moderately severe pain" like that described by Palmer "could not sustain employment on an ongoing basis."

**4.** Based on the errors identified above, we reverse and remand for an award of benefits. The record in this case, which includes the opinions of multiple treating physicians, has "been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The ALJ "failed to provide legally sufficient reasons for rejecting" Dr.

3

Abhyanker and Dr. Porter's opinions and Palmer's testimony. *Id.* The testimony of the VE makes clear that "if the improperly discredited evidence were credited as true, the ALJ would be required to find [Palmer] disabled on remand." *Id.* Because the record as a whole does not "create[] serious doubt that [Palmer] is, in fact, disabled," *id.* at 1021, a remand for an award of benefits is appropriate.

**REVERSED AND REMANDED.**