**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA J. UDELL, | No. 13-56741 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02548-MLH (JMA) |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,[**] Senior District Judge.

Paula Udell ("Udell") appeals the district court's order affirming the denial

of her application for Social Security disability insurance benefits by the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

administrative law judge ("ALJ"). Udell contends the ALJ erred by rejecting her symptom testimony, as well as that of two lay witnesses, without providing specific, clear and convincing reasons and by failing to address the brain injury and left-sided weakness she stated as her primary impairment. We review the district court's opinion de novo, and we affirm the ALJ's decision if it is both free of legal error and supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We conclude the ALJ did not provide an adequate explanation of his decision, and so we vacate and remand for further proceedings.

The ALJ found that a medically determinable impairment could reasonably be expected to cause Udell's symptoms and did not identify any evidence of malingering. Therefore, the ALJ could reject Udell's testimony regarding the severity of her symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). However, the ALJ did not give any reasons for rejecting Udell's testimony concerning the effects of her symptoms. On appeal, "[w]e are constrained to review the reasons the ALJ asserts." *Burrell*, 775 F.3d at 1138 (citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (citation omitted).

2

In addition, the ALJ heard testimony from Udell's brother and sister-in-law regarding Udell's inability to work due to manipulative limitations related to her physical impairments. The ALJ did not make any express findings whatsoever about the lay witnesses' credibility, or what weight to give their testimony. However, the ALJ's assessment of Udell's residual functional capacity shows that he disregarded the lay testimony, because he did not include any of the limitations the witnesses described. Moreover, since the ALJ did not specifically discuss the reasons for rejecting Udell's testimony, it cannot be said that the same reasoning applies to its rejection of similar lay testimony. *Molina*, 674 F.3d at 1116. In this case, the lay testimony was more specific than Udell's about her inability to do various work tasks. Because the ALJ did not provide any, let alone clear and convincing, reasons for rejecting the lay testimony, we have no way to determine whether any error materially impacted the ALJ's ultimate decision. *Id*.; *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) ("[W]e remind ALJs to tie the reasoning of their credibility determinations to the particular witnesses whose testimony they reject.").

Moreover, the ALJ did not address Udell's brain injury and resulting left-sided weakness, impairments on which her disability claim was primarily based. While the medical evidence submitted by Udell was sparse, it was uncontradicted

3

in supporting a diagnosis of left-sided hemiplegia, or weakness, stemming from a childhood brain injury. It was error for the ALJ not to address Udell's alleged chronic impairments or to give reasons for disregarding medical evidence, albeit sparse, that supported a finding of impairment. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) ("[A]n ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them.").

Further proceedings would serve the useful purpose of allowing development of the record in order for the ALJ to determine if Udell was, in fact, disabled before her date last insured. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (explaining that a case may be remanded to the ALJ with instructions to award benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."). Because the record here has not been fully developed, we remand to the district court with instructions to remand to the ALJ on an open record for further proceedings. We express no view as to the appropriate result on remand.

Pursuant to General order 4.5(e), the panel determines that each party shall bear its own costs.

VACATED and REMANDED for further proceedings.