**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK D. BAILEY,

    Plaintiff - Appellant,

 v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

    Defendant - Appellee.

No. 14-17304

D.C. No. 2:13-cv-01119-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Submitted August 11, 2016[**]

Before: PREGERSON, LEAVY, and OWENS, Circuit Judges.

  Patrick D. Bailey appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Bailey's application for disability

insurance benefits under Title II of the Social Security Act.  Bailey alleged

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disability due to obesity, asthma, low back pain, sleep apnea, and post-gastric bypass surgery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge (ALJ) provided specific and legitimate reasons for rejecting the opinion of treating physician Dr. Ted Faro. First, the ALJ reasonably found that Dr. Faro's disability evaluation was inadequately supported by Dr. Faro's own treatment records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that an ALJ need not accept the opinion of a doctor that is inadequately supported by clinical findings). Second, the ALJ reasonably found that Dr. Faro's disability evaluation was inconsistent with other medical evidence. For example, the ALJ correctly noted that Bailey's other treating physician, Dr. Michael Brown, found that Bailey exhibited no remarkable limitations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008) (holding that inconsistency with medical evidence is a specific and legitimate reason for rejecting a physician's opinion). Any error in the ALJ's additional reasons for rejecting Dr. Faro's opinions was harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (holding that harmless error is appropriate in reviewing an ALJ's analysis of a treating physician's opinion).

The ALJ provided specific, clear, and convincing reasons for finding that Bailey was not fully credible. First, the ALJ noted that the objective medical evidence did not support the limitations described by Bailey. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ may consider lack of medical evidence but it cannot be the only factor supporting an adverse credibility finding). Second, the ALJ appropriately noted that many of Bailey's impairments had been alleviated by effective medical treatment, and this was inconsistent with Bailey's alleged total disability. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that impairments that can be controlled effectively with medications are not disabling). Third, the ALJ reasonably concluded that Bailey's daily activities contrasted with his testimony regarding his limitations. *Molina*, 674 F.3d at 1112-13 (holding that a claimant's daily activities may be grounds for discrediting the claimant's testimony). Any error in the ALJ's additional reasons for finding Bailey less than fully credible was harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding that where there is substantial evidence supporting the ALJ's credibility determination, the ALJ's reliance on other invalid reasons is harmless).

Finally, the ALJ posed a hypothetical question to the vocational expert that contained all of Bailey's limitations. The ALJ recognized Bailey's obesity as a

-3-

severe impairment, and considered obesity as a limiting factor. The ALJ properly

relied on the vocational expert's response in formulating the residual functional

capacity assessment. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197

(9th Cir. 2004).

**AFFIRMED**.