NOT FOR PUBLICATION

FILED

OCT 24 2017



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DESIREH AVA,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 16-55010

D.C. No. 8:14-cv-01814-JCG

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Desireh Ava appeals the district court's judgment which affirmed the

Commissioner of Social Security's denial of her application for disability

insurance benefits.  We vacate and remand for further proceedings.

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Ava asserts that the administrative law judge (ALJ) erred in determining Ava's residual functional capacity (RFC) when she rejected central parts of the opinion of an examining physician, Dr. John Godes, without explanation. We agree.

While the opinions of an examining physician can be rejected in favor of the opinions of reviewing physicians, or others, it is error for an ALJ to do so without "providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1160–61 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014)*; Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Here, the ALJ gave no specific reasons for rejecting Dr. Godes' opinion regarding Ava's ability to sit, walk, stand, and reach.[1] Rather, the ALJ generally stated that Dr. Godes' opinion would be "given significant weight," but also generally stated that the opinions of two reviewing physicians would be "given significant weight." The ALJ never stated why some of the latter's opinions were accepted rather than those of Dr. Godes. That will not do. Nor can we say that the error was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th

---

[1]We note also, that at one part of his report, Dr. Godes indicated that Ava could never push/pull, but at another part he indicated that she could do so occasionally.

2

Cir. 2015). The reasons behind the ALJ's decision regarding those central parts of the RFC are unstated and, therefore, her path to her decision remains legally undiscernable. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Yet, of necessity, the ultimate decision about what work Ava could still perform[2] rested on the RFC.[3]

That is not to say that there is no substantial evidence[4] in the record that could support the ALJ's decision (or a contrary decision for that matter). Indeed, by exploring this record we can find reasons to justify the ALJ's ultimate determination of the RFC and disability decision, but that would not be a proper use of our prerogatives and prudence. It is a task committed to the ALJ's experience and expertise—she must give us the reasons for her decision. On the other hand, we cannot say that on this record the ALJ's failure to explain her reasons sufficiently has resulted in one of those rare circumstances in which we should direct an immediate award of benefits. *See Brown-Hunter*, 806 F.3d at 495–96; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103, 1107 (9th

---

[2]*See* 20 C.F.R. § 404.1520(a)(4)(v).

[3]*See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

[4]*See, e.g., Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *cf. Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009).

3

Cir. 2014).  Therefore, we decline so to do.

VACATED and REMANDED to the district court for further remand to the Commissioner for further proceedings consistent with this disposition.  Costs on appeal are taxed to the Commissioner.

FILED

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ava v. Berryhill*, **Case No. 16-55010**
**Rawlinson, Circuit Judge, concurring:**

I concur in the vacatur and remand of the district court's decision for the express purpose of remand to the Administrative Law Judge to more definitively detail the relative weight given to the opinions of the various medical providers.