NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOLANDA RUIZ DE RIVERA, | No. 16-55884 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04625-DFM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Submitted February 5, 2018[**]
Pasadena, California

Before: W. FLETCHER, BERZON, and OWENS, Circuit Judges.

Yolanda Ruiz De Rivera appeals from the district court's judgment

affirming the Commissioner of Social Security's denial of her applications for

disability insurance benefits and supplemental security income under Titles II and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We review the district court's decision de novo, and the Commissioner's denial of benefits must be supported by substantial evidence and a correct application of the law. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

This appeal concerns step five of the sequential evaluation process, where the Commissioner bears the burden to identify specific jobs existing in significant numbers that a claimant can perform despite her identified limitations. *See Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). The Administrative Law Judge ("ALJ") found that De Rivera could perform two jobs: (1) conveyor line bakery worker; and (2) fish scaling machine operator.

Substantial evidence does not support the ALJ's finding that De Rivera was capable of performing the conveyor line bakery worker job. The ALJ found that De Rivera cannot read English, but failed to address the vocational expert's ("VE") concession that the bakery job may require reading English. The job description in the Dictionary of Occupational Titles ("DOT") also indicates that this position may require reading. *See* DOT 524.687-022 (4th ed. 1991), 1991 WL 674401 (listing conveyor line bakery worker tasks as including: "[r]ead[ing] production schedule or receiv[ing] instructions regarding bakery products that require filling and icing"). The ALJ's failure to resolve this apparent conflict "precludes us from

2

determining whether the ALJ's decision is supported by substantial evidence."

*Zavalin*, 778 F.3d at 846; *see also Pinto v. Massanari*, 249 F.3d 840, 846, 848 (9th

Cir. 2001) (noting that "[t]he ability to communicate is an important skill to be

considered when determining what jobs are available to a claimant" and remanding

to the ALJ to clarify how the claimant's "language skills factor into the disability

determination").

Contrary to the Commissioner's contention, the ALJ's error is not harmless.

An error is harmless "when it is clear from the record that the ALJ's error was

inconsequential to the ultimate nondisability determination." *Tommasetti v.*

*Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citation

omitted). Here, the error is harmless if the remaining occupation De Rivera can

perform – fish scaling machine operator – exists in significant numbers either

regionally or nationally. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523-24

(9th Cir. 2014); *see also* 42 U.S.C. § 1382c(a)(3)(B). The VE testified that there

were approximately 500 such jobs in California, and 5,000 jobs nationally.

Although "we have never set out a bright-line rule for what constitutes a

'significant number' of jobs," it is not clear that these amounts are sufficient.

*Gutierrez*, 740 F.3d at 528-29 (upholding ALJ's finding that 25,000 national jobs

was significant, but noting that it was a "close call"); *see also Beltran v. Astrue*,

700 F.3d 386, 389-90 (9th Cir. 2012) (holding that 135 regional jobs and 1,680

national jobs were not significant).  Therefore, we cannot "confidently conclude" that the ALJ's error was harmless.  *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citation omitted).

Accordingly, we reverse and remand to the district court with instructions to remand to the ALJ for further proceedings.  On remand, the ALJ should: (1) reconcile the identified inconsistency regarding De Rivera's ability to perform the conveyor line bakery worker position; and/or (2) determine, in the first instance, whether the job numbers for the fish scaling machine operator position are significant.

**REVERSED AND REMANDED**.