**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NAOMI FAWN MARSH,
*Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration
*Defendant-Appellee*.

No. 12-17014

D.C. No.
3:11-cv-02096-
CRB

ORDER AND
SUPERSEDING
OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted June 8, 2015[*]
San Francisco, California

Filed July 10, 2015

Before: Barry G. Silverman, Ronald M. Gould,
and Andrew D. Hurwitz, Circuit Judges.

Order;
Opinion by Judge Gould

---

 [*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Social Security

The panel granted a joint motion for clarification, withdrew the opinion filed on June 18, 2015, and filed a superseding opinion vacating the district court's order affirming the Social Security Commissioner's denial of a claimant's application for social security disability benefits.

The panel held that harmless error analysis applied to the case to assess the impact of the administrative law judge's failure to mention Dr. David Betat or his clinical progress notes. The panel further held that the district court did not offend the principle of *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (stating that a reviewing court may only affirm agency action on "the grounds invoked by the agency"), when it applied harmless error analysis.

The panel also held that the ALJ erred by not mentioning Dr. Betat or his notes in the written decision. The panel could not confidently conclude that the error was harmless. Pursuant to sentence four of 42 U.S.C. § 405(g), the panel remanded with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment on Dr. Betat's medical opinions and records.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

James Hunt Miller, Oakland, California, for Plaintiff-Appellant.

Melinda L. Haag, United States Attorney, Grace M. Kim, Regional Chief Counsel, Region IX, and Shea Lita Bond, Special Assistant United States Attorney, Social Security Administration, San Francisco, California, for Defendant-Appellee Carolyn W. Colvin.

## ORDER

The parties' "Joint Motion for Clarification of the Court's June 18, 2015 Opinion" is **GRANTED**. The opinion in the above-captioned matter, filed on June 18, 2015, is **WITHDRAWN**. The superseding opinion shall be filed concurrently with this order.

## OPINION

GOULD, Circuit Judge:

Naomi Marsh appeals the district court's order affirming the Social Security Commissioner's denial of her application for social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand with instructions.

## I

Marsh applied for disability benefits on November 21, 2006, claiming that she became disabled on October 2, 2001 from a work-related injury to her back, leg, and hip, and from complications arising from a car wreck. After the agency denied her application initially and on reconsideration, Marsh requested a hearing before an Administrative Law Judge ("ALJ"); the ALJ also denied benefits. The record on which the ALJ denied Marsh's application contains, among other evidence, medical opinions from several doctors, including clinical progress (SOAP) notes from Dr. David H. Betat, M.D. Dr. Betat's SOAP notes track Marsh's clinical progress, beginning in September 2003 and ending in November 2006. Dr. Betat's SOAP note from January 31, 2006 states, in part:

> The patient has chronic trochanteric bursitis to the point that she is pretty much nonfunctional. She also finds herself not being able to concentrate enough to do office work such as bookkeeping. The patient appears to be disabled, unfortunately, at a fairly young age. It seems to be legitimate, although it is sometimes difficult to tell for sure.

The ALJ's decision denying Marsh disability benefits nowhere mentions Dr. Betat or his SOAP notes.

The ALJ's denial became the agency's final decision after the agency's Appeals Council denied further review. Marsh sought judicial review of the agency's decision, and the district court affirmed the agency. The district court also

denied Marsh's Rule 59(e) motion for reconsideration, *see* Fed. R. Civ. P. 59(e), which challenged the district court's application of harmless error to the ALJ's denial of benefits.

## II

We review *de novo* a district court's judgment upholding an agency denial of social security benefits. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error. *See id.*

## III

Marsh argues that the law applying harmless error analysis to social security cases is unclear and that no published authority of our court has applied harmless error analysis to a social security case where an ALJ ignores a treating source's medical opinion. But we apply harmless error analysis to social security cases. *See McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context."). The nature of that application is fact-intensive—"no presumptions operate" and "we must analyze harmlessness in light of the circumstances of the case." *Id.* at 1121 (internal quotation marks omitted). We decline to draw the distinction that Marsh urges, i.e., one based on the nature or source of evidence ignored in an ALJ's opinion. We hold that harmless error analysis applies in this case to assess the impact of the ALJ's failure to even mention Dr. Betat or his SOAP notes, let alone its failure to give "specific and legitimate reasons that are supported by substantial evidence"

for rejecting a treating source's medical opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Marsh also argues that the district court exceeded its authority when it applied harmless error analysis, violating the rule of *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (stating that a reviewing court may only affirm agency action on "the grounds invoked by the agency"). If the district court had applied harmless error in a way that affirmed the agency on a ground not invoked by the ALJ, then the district court would have violated the *Chenery* principle. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). But Marsh did not show that the district court affirmed the agency on a ground that the ALJ had not invoked in its written decision. The district court's conclusion that Dr. Betat's SOAP notes "provide minimal additional insight," as to Marsh's condition did not preclude the district court from "[g]iving full effect" to the ALJ's reasoning. *Molina*, 674 F.3d at 1121. The district court expressly stated that Dr. Betat's notes "do[] not contradict the determination of the ALJ." The district court did not offend the principle of *Chenery.*

Marsh further argues that the ALJ erred by not mentioning Dr. Betat's SOAP notes in its written decision. We agree. As we note above, an ALJ may reject a treating source's opinion that is contradicted by another doctor's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence."[1]  *Garrison*,

---

[1] We reject the Commissioner's contentions that Dr. Betat was not a "treating source" and that his SOAP notes were not "medical opinion." The district court correctly applied the Commissioner's regulation defining "treating source" to conclude that Dr. Betat was one of Marsh's

759 F.3d at 1012. Here, the ALJ gave no reasons for not mentioning Dr. Betat or his SOAP notes. That was error. Because a court must give "specific and legitimate reasons" for rejecting a treating doctor's opinions, it follows even more strongly that an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them. *See id.* ("Where an ALJ does not explicitly reject a medical opinion . . . he errs.").

We next address whether that error was harmless. As we explained above, harmless error analysis applies in the social security context, and we find no authority that would lead us to adopt the rule suggested by Marsh to make distinctions where a treating source's medical opinion is not mentioned. However, our precedents have been cautious about when harmless error should be found, even though the analytical framework itself applies broadly. For example, in *Stout*, we held that an ALJ's silent disregard of lay testimony was not harmless, and we explained that ALJ errors in social security cases are harmless if they are "inconsequential to the ultimate nondisability determination" and that "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56. Recently, in *McLeod*, we cautioned:

---

treating sources. *See* 20 C.F.R. § 404.1502. Dr. Betat's SOAP notes are "medical opinion," because they contain "statements from [Dr. Betat] that reflect judgments about the nature and severity of [Marsh's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite her impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527.

> [W]here the circumstances of the case show a
> substantial likelihood of prejudice, remand is
> appropriate so that the agency can decide
> whether re-consideration is necessary. By
> contrast, where harmlessness is clear and not
> a borderline question, remand for
> reconsideration is not appropriate.

*McLeod*, 640 F.3d at 888 (internal quotation marks omitted).

We reject the idea that not mentioning a treating source's medical opinion precludes use of harmless error doctrine, but at the same time, because our law requires "specific and legitimate reasons that are supported by substantial evidence" for rejecting a treating source's medical opinion, that precedent surely implies that an ALJ must discuss the relevant views of a treating source. Our precedents do not quantify the degree of certainty needed to conclude that an ALJ's error was harmless, and we would hesitate to suggest a rigid rule for all such cases. But it does seem that where the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless. In other words, the more serious the ALJ's error, the more difficult it should be to show the error was harmless.

Here, the district court gave persuasive reasons to determine harmlessness. But the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court. *See* 20 C.F.R. § 404.1527(d)(1)–(3). In the circumstances of this case, where the ALJ did not even mention Dr. Betat's opinion that Marsh's chronic bursitis rendered her "pretty much nonfunctional," we cannot "confidently conclude" that

the error was harmless. *See Stout*, 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 750 (6th Cir. 2007). We think it is most appropriate to vacate the district court's opinion, remand with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment on Dr. Betat's medical opinions and records.[2] This remand is pursuant to sentence four of 42 U.S.C. § 405(g).[3]

**VACATED and REMANDED with INSTRUCTIONS.** Each party shall bear its own costs.

---

[2] We reject Marsh's argument that the ALJ erred by discounting her testimony on symptom severity and physical limitations because the ALJ "held Marsh's good work history against her." An ALJ may reject a claimant's testimony about symptom severity "only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). And such reasons must be supported by substantial evidence from the administrative record. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the ALJ satisfied this standard when he found: (1) that Marsh's treatment was "routine or conservative"; (2) that gaps existed in Marsh's treatment regimen; (3) that Marsh did not take a type and dosage of medication consistent with the alleged severity of her impairments; (4) that Marsh was able to attend vocational rehabilitation classes, "indicating activities in excess of the residual functional capacity"; (5) that Marsh, with assistance, cared for a six-year-old child; and (6) that Marsh's "limited work history also detracts from the credibility of her subjective allegations." None of these reasons was impermissible. We reject Marsh's contention that the ALJ's reference to her work history was improper. *See* 20 C.F.R. § 404.1529(c)(3); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ properly discounted the credibility of Marsh's testimony about the severity and intensity of her symptoms, and the physical limitations caused by those symptoms.

[3] Sentence four of 42 U.S.C. § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."