**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN LEE BROOKS,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant-Appellee.

No.    15-15046

D.C. No. 1:11-cv-02124-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before:  KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

     Brooks appeals the denial of his social security disability benefits.  We

affirm.

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Brooks contends that the ALJ erred by not specifically mentioning the check-box notations from one of his treating physicians. The ALJ "may 'permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (alterations in original) (citation omitted). But even if we assume that the ALJ erred, any error was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015); *Molina*, 674 F.3d at 1111, 1115.

**2.** Brooks contends that the ALJ erred by not providing adequate reasons for giving diminished weight to his treating physician's opinions. The ALJ gave several good reasons for her determination that this physician's opinions should be afforded less weight. Thus, the ALJ did not err. *See* 20 C.F.R. § 416.927(c)(2) (explaining that an ALJ may consider the length and extent of treatment in weighing a treating physician's medical opinion).

**3.** Brooks contends that the ALJ erred by not adopting his work limitations as set forth by two physicians. However, the ALJ has substantial discretion in making this determination and in resolving conflicts among medical opinions. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). Because there is substantial evidence supporting the ALJ's determination, the ALJ did not err. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**AFFIRMED.**