PAEZ, J.,
dissenting:
When an administrative law judge (ALJ) ignores a treating doctor’s opinion, he errs. Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (holding that it “was error” for an ALJ to “totally ignore a treating doctor and his or her notes, without even mentioning them”). And “a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.” Id. at 1174 (internal alteration omitted).
Here, the ALJ ignored Dr. Kodner’s medical opinion. Dr. Kodner’s report explained that Robinson had psychotic symptoms, even though he “recently ha[d] not been using drugs and his urine toxicology was negative when admitted to” Dr. Kod-ner’s care. The report therefore supported Dr. Lykins’s opinion that “it did not seem that [Robinson] had a drug-induced psychosis.” Dr. Lykins was a treating doctor, but the ALJ gave his opinion lesser weight than the opinions' of non-treating, non-examining doctors seemingly due to the lack of later medical opinions supporting Dr. Lykins’s diagnosis. The ALJ could arrive *526 at that conclusion only by ignoring Dr. Kodner’s report.
Although the majority addresses other issues, the critical issue in this case is whether Robinson’s substance abuse materially contributed to his disability. In my view, the ALJ’s failure to consider Dr. Kodner’s report is a fundamental error. Under the circumstances, I cannot “confidently conclude” that no reasonable ALJ would have reached a different disability determination had he considered Dr. Kod-ner’s opinion. I would therefore reverse the district court’s judgment with instructions to remand this ease to the Commissioner for a new hearing.
I respectfully dissent.