
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL P. JOSLYN, | No. 15-35163 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05277-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted December 11, 2017**

Before:  THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Daniel Joslyn appeals the district court's decision affirming the

Commissioner of Social Security's denial of Joslyn's application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1159 (9th Cir. 2014), and we reverse and remand for further proceedings.

## I

The ALJ erred by not discussing treating physician Dr. Lang's March 2013 treatment notes that indicated surgery was necessary to address worsening carpal tunnel syndrome on Joslyn's right hand. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (holding that an ALJ errs by ignoring the opinion of a treating physician). Considering these treatment notes, a reasonable ALJ could have assigned Joslyn a more restrictive residual functional capacity ("RFC"). *See Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir. 1993) ("The ALJ must consider *all factors* that might have a 'significant impact on an individual's ability to work.'" (citation omitted)). Accordingly, we must reverse and remand. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." (quoting *Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)) (first brackets added)).

## II

Joslyn's remaining arguments fail. Substantial evidence supports the ALJ's decision to give "significant weight" to Dr. Lang's January 2012 opinion that Joslyn would be able to return to productivity. Dr. Lang is Joslyn's treating

physician and therefore is best suited to opine on how Joslyn's impairments impact his ability to perform work-related activities. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th. Cir. 2014). Moreover, the ALJ noted that Dr. Lang's opinion is consistent with other objective findings and Joslyn's own self-reports.

Substantial evidence supports the ALJ's decision to give Dr. Staley's opinion "significant weight." With one exception, Dr. Staley's opinion is consistent with the objective medical evidence, Dr. Lang's opinion, and Joslyn's reported abilities. The ALJ does not credit this lone exception, namely Dr. Staley's conclusion that Joslyn lacked any manipulative limitations, as evidenced by the inclusion of manipulative limitations in Joslyn's RFC.

Substantial evidence also supports the ALJ's conclusion that Joslyn lacks a severe mental impairment. Dr. Wheeler diagnosed Joslyn with adjustment disorder. However, he noted that "[d]ressing it up to the level of disorder is somewhat of a stretch" and estimated the duration of Joslyn's condition as zero months. Accordingly, the ALJ concluded that Joslyn's condition did not last the necessary amount of time to qualify as a severe mental impairment.

Specific, clear, and convincing reasons support the ALJ's conclusion that Joslyn's testimony was not entirely credible. Specifically, (1) the objective medical evidence and (2) inconsistencies between Joslyn's subjective complaints and his activities of daily living undermine his credibility. *Batson v. Comm'r of*

*Soc. Sec. Admin.*, 359 F.3d 1190, 1196–97 (9th Cir. 2004) (noting that medical records inconsistent with a claimant's allegations are a permissible reason to find claimant not credible); *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir. 2012) (noting that an ALJ may consider claimant's activities when weighing credibility).

Finally, the vocational expert's testimony reconciled any discrepancies between Joslyn's RFC and the descriptions in the Department of Labor's Dictionary of Occupational Titles of jobs that Joslyn could purportedly perform. However, the ALJ's legal error in failing to address Dr. Lang's March 2013 treatment notes could affect Joslyn's RFC, which could impact the ultimate disability determination.

## III

Given the ALJ's failure to address the treating physician's treatment notes indicating that surgery was necessary, and the potential impact of that failure on the RFC determination, we must reverse and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**