**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA L. PULLIAM, | No.    15-35496 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-03138-JPH |
| v. | |
| NANCY A. BERRYHILL, Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted March 29, 2018**

Before:     FARRIS, CANBY and LEAVY, Circuit Judges.

Linda L. Pulliam appeals from the district court's judgment affirming the

decision of the Commissioner of Social Security denying her applications for

disability insurance benefits and supplemental security income under Titles II and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and reverse and remand for an award of benefits.

As a preliminary matter, we address the Commissioner's contentions that Pulliam has waived some of her claims and the arguments she advances in support of them and that the law of the case doctrine bars this Court from reviewing some of those claims. First, Pulliam has not waived any of her claims or the arguments she advances in support of them because she raised in district court the same claims she raises on appeal, and having done so, she may advance any argument in support of them now. *See Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992). Second, the law of the case doctrine does not bar this Court from reviewing any of those claims because the doctrine applies "only to decisions by the same or a higher court," and this Court has not reviewed Pulliam's claims before now. *See Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017).

I. The ALJ Did Not Err at Step Three.

Because Pulliam failed to carry her burden of proof at step three of the sequential analysis by presenting evidence sufficient to satisfy the criteria under sections 1.02 ("Major dysfunction of a joint") or 1.04 ("Disorders of the spine") of the Listing of Impairments, the ALJ did not err in determining that the severity of

Pulliam's impairments does not meet or equal the criteria under either section. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (claimant bears the burden of proof at step three of the sequential analysis).

II. The ALJ Erred in Weighing the Opinion Evidence.

The ALJ erred in weighing the opinions of Pulliam's treating and non-examining medical sources. Most notably, the ALJ erred in giving significant weight to treating physician Dr. Reinmuth's opinion by failing to account for Dr. Reinmuth's opinion that Pulliam cannot work, an error the Commissioner concedes. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The ALJ also erred in giving significant weight to the state agency's non-examining physicians' opinions, because they did not consider "all of the pertinent evidence," including ten opinions from Pulliam's treating providers indicating that Pulliam cannot work. *See* 20 C.F.R. § 404.1527(c)(3). These two errors leave the ALJ's decision unsupported by any medical source's opinion.

In addition, the ALJ erred in giving little weight to treating physician Dr. Lyzanchuk's opinion by failing to evaluate his opinion that Pulliam cannot work, *see Marsh*, 792 F.3d at 1173; in concluding without explanation that treating physician Dr. Lindgren's opinions from 2011 and 2013 "contrast sharply" with other evidence, *see Garrison*, 759 F.3d at 1012 ("The ALJ must do more than state

3

conclusions."); and in discounting Dr. Lindgren's opinions on the basis that they were "out of proportion" to Pulliam's daily activities, because in discussing Pulliam's activities, the ALJ misrepresented Pulliam's abilities and failed to account for the difficulties to which she testified. *See id.* at 1015-16.

III. The ALJ Erred in Discounting Pulliam's Symptom Testimony.

The ALJ erred by discounting Pulliam's symptom testimony for reasons that are not specific, clear, and convincing. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). With respect to Pulliam's testimony on the severity of her mental impairments, the ALJ erred by concluding that evidence of histrionic behavior suggests that Pulliam embellished her symptoms, because this conclusion is not supported by any inference reasonably drawn from the record. *See Molina*, 674 F.3d at 1111 ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). With respect to Pulliam's testimony on the severity of her physical impairments, the ALJ erred by discrediting her testimony on the basis that (1) her gait was often described as unremarkable, (2) she did not receive the type of treatment "one would expect for a totally disabled individual," (3) her descriptions of symptoms were inconsistent, unpersuasive, vague, and general, (4) her work history indicates that she can work despite her impairments, and (5) she is able to engage in daily activities and go on

4

occasional trips, because the ALJ failed to "point to specific facts in the record" that support these findings, or in some respects, there are no such facts in this record. *See Vasquez*, 572 F.3d at 592. Consequently, substantial evidence does not support the ALJ's finding that Pulliam's symptoms are not as severe as she alleged, because the "vast majority" of the ALJ's reasons for discounting Pulliam's testimony are not specific, clear, and convincing. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017).

IV.  Remand for Calculation and Award of Benefits is Warranted.

This case presents the "rare circumstances" that warrant exercise of the Court's discretion to depart from the ordinary remand rule and remand for calculation and award of benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d, 1090, 1101. First, Pulliam's case was remanded to the agency for further proceedings once before, so the record has been fully developed and further administrative proceedings would serve no useful purpose. *See Garrison*, 759 F.3d at 1020 (applying first factor of the credit-as-true analysis). Second, the ALJ failed to properly evaluate several opinions from treating physicians indicating that Pulliam is disabled, and most of the ALJ's reasons for discrediting Pulliam's testimony are not specific, clear, and convincing. *See id.* (applying second factor of the credit-as-true analysis). Third, if the improperly discredited evidence were

5

credited as true, it is clear that the ALJ would be required to find Pulliam disabled on remand. *See id.* (applying third factor of the credit-as-true analysis). Furthermore, evaluation of the record as a whole does not create "serious doubt" that Pulliam is, in fact, disabled, *see id.* at 1021, and on appeal, the Commissioner does not point to any evidence that might otherwise create such serious doubt.

We therefore reverse and remand to the district court with instructions to remand to the Social Security Administration for calculation and award of benefits.

**REVERSED and REMANDED.**