**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTEEN FOOTE, | No. 17-35905 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-03098-MKD |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Argued and Submitted December 5, 2018
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Kristeen Foote appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Foote's application for supplemental

security income. We review de novo the district court's decision affirming the

denial of benefits, and we may set aside the decision of the administrative law

judge ("ALJ") only if the decision is based on legal error or the findings of fact are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## Exclusionary Rule

The ALJ did not err by considering evidence obtained during a search of Foote's home by the Cooperative Disabilities Investigations Unit ("CDIU"). In civil cases, we resort to the exclusionary rule only to remedy "egregious" Fourth Amendment violations. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008). A Fourth Amendment violation is egregious if it is deliberate or if a reasonable officer should have known that the conduct was unconstitutional. *Id.*

The CDIU search violated the Fourth Amendment, but the violation was not egregious because the unconstitutionality of the search was not clearly established as of February 2015, and no evidence—including footage of the search—suggests that the constitutional violation was deliberate. *See Whalen v. McMullen*, 907 F.3d 1139, 1152–53 (9th Cir. 2018) (holding that a similar search violated the Fourth Amendment, but granting qualified immunity because it was not clearly established that the conduct was unconstitutional). The exclusionary rule does not apply.

Credibility and Weight Findings

Even if the CDIU report were excluded, however, the ALJ identified specific, clear, and convincing reasons to discount Foote's testimony regarding her symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ specified many of Foote's daily activities and statements—regarding, for example, driving and hiking—that contradict representations Foote made in support of her benefits application. Several of the inconsistencies arose apart from, or in addition to, the CDIU search, and medical evidence further undermines Foote's testimony regarding her symptoms. These inconsistencies amply support the ALJ's adverse credibility finding.[1] *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

The minimal weight that the ALJ afforded other testimony flows from Foote's lack of credibility. The ALJ discredited opinions from treating physicians and an examining physician because they rested principally on Foote's "self-reports that ha[d] been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ clearly articulated these and other specific and legitimate reasons for rejecting the medical opinions. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Although the ALJ arguably overlooked a one-page letter from Dr. Anderson, any error was

---

[1] Foote also fails to show legal error in the ALJ's adverse credibility determination. We specifically note the lack of evidence that the ALJ was biased. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

harmless because the ALJ expressly considered and specifically rejected Dr. Anderson's concurrent opinion for reasons that apply equally to the letter. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (harmless error analysis applies to medical opinions). The same dependence on Foote's unreliable self-reporting plagued the lay and other source testimony that the ALJ either discounted or rejected.

Right Hand and Arm Impairments

Substantial evidence supported the ALJ's determination that Foote's right hand and arm impairments were not severe. Foote ignores considerable medical evidence that directly supports the ALJ's decision, instead focusing on the examining physician's report. As discussed above, the ALJ permissibly gave little weight to the examining physician's opinion. At any rate, the ALJ incorporated any right hand and arm impairments—severe or not—into Foote's residual functional capacity.

**AFFIRMED.**