NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE M. LOCK, | No.   17-35741 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00408-JR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted January 31, 2019**

Before:     GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Denise M. Lock appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying Lock's application for

supplemental security income under Title XVI of the Social Security Act.  We

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo, *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we affirm.

The Administrative Law Judge (ALJ) largely incorporated Ms. Porter's opinion into the Residual Functional Capacity (RFC) by including limitations to little social interaction and simple instructions with only occasional changes in work setting. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that the ALJ is not required to provide reasoning to reject limitations that are reasonably incorporated into the RFC). To the extent that the ALJ rejected Ms. Porter's opinion as to more extreme limitations in getting along with co-workers and peers and responding appropriately to supervisors, the ALJ properly concluded that these limitations were inconsistent with Lock's work history. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (explaining that inconsistency with the claimant's actual work activity is a proper reason to reject a medical opinion).

The ALJ reasonably incorporated Dr. Prescott's opinion into the RFC by limiting Lock to a stable work environment with little social interaction. *See Turner*, 613 F.3d at 1223.

The ALJ provided several clear and convincing reasons to discredit Lock's testimony as to her mental and physical limitations, including inconsistency with her actual work history, improvement with treatment, inconsistency with Lock's

daily activities, and inconsistency with unremarkable physical evidence. *See*

*Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (explaining that the ALJ

may properly consider the claimant's work history in evaluating their testimony);

*Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (including inconsistency

with activities in reasons that the ALJ may properly discredit claimant testimony);

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)

(inconsistency with objective medical evidence is a clear and convincing reason to

discredit claimant testimony); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.

2008) (explaining that the ALJ may properly discredit claimant testimony based on

improvement with conservative treatment).

The ALJ properly rejected the lay testimony regarding limitations in

concentration and social interaction as inconsistent with Lock's ability to maintain

employment for a year and a half. *See Carmickle*, 533 F.3d at 1164 (explaining

that inconsistency with activities is a germane reason to reject lay testimony).

**AFFIRMED.**