NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY J. BARNEY, | No. 17-35365 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05267-MAT |
| v. | |
| NANCY A. BERRYHILL, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted April 26, 2019**

Before:    FARRIS, D. NELSON, and TALLMAN, Circuit Judges

Troy J. Barney challenges the district court's decision affirming the

Commissioner of Social Security's denial of Barney's application for disability

insurance benefits under Title II of the Social Security Act.  We review de novo,

*Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Administrative Law Judge ("ALJ") properly provided specific and legitimate reasons to reject Dr. Fay's opinion as to Barney's physical and mental health limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (explaining that the ALJ must give "specific and legitimate reasons" to reject the contradicted opinion of a treating or examining doctor). First, Dr. Fay's opinion was inconsistent with objective medical evidence showing a normal gait and full range of ankle motion, and psychological evaluations showing an ability to perform simple tasks. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding that inconsistency with the medical record is a specific and legitimate reason to reject a treating physician's opinion). Second, Dr. Fay's opinion was inconsistent with Barney's activities, including part-time janitorial work, chopping wood, fishing, and camping. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency with daily activities is a specific and legitimate reason to reject a treating physician's opinion). Any error in relying on additional reasons to reject Dr. Fay's opinion was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (applying harmless error analysis to review of a treating physician's opinion).

Barney fails to make any arguments in support of his contention that the ALJ improperly rejected Dr. Van Dam and Dr. Wingate's opinions. The Residual Functional Capacity ("RFC") reasonably accounted for all the limitations in these

opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (reasoning that this Court should defer to the ALJ's reasonable assessment of specific functional limitations when supported by substantial evidence in the record). The ALJ did not err by failing to reject or include in the RFC recommendations that Barney would benefit from a job coach and employment assistance. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009) (reasoning that the ALJ is not required to credit or reject an examining psychologist's recommendations for coping with symptoms when those recommendations do not include opinions as to specific functional limitations).

The ALJ's RFC determination limiting Barney to simple unskilled work with no public contact reasonably accommodated any limitations in Dr. Meggert's opinion as to cognitive and social interaction impairments, and the ALJ did not err by failing to provide reasons to reject this opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (explaining that the ALJ is not required to reject a doctor's opinion when the ALJ reasonably incorporates the opinion into the RFC).

Substantial evidence supports the ALJ's interpretation of the opinions from Dr. Gaffield, Dr. Merrill, and Dr. Eather. *See Tommasetti*, 533 F.3d at 1039–40 (explaining that this Court should defer to the ALJ's interpretation of the evidence when it is supported by substantial evidence).

The ALJ properly discredited Barney's testimony regarding his physical and mental limitations because the alleged limitations were inconsistent with objective medical evidence and inconsistent with Barney's activities. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (including inconsistency with medical evidence and inconsistency with daily activities as clear and convincing reasons to discredit claimant testimony).

The ALJ properly rejected the lay testimony from Ms. Matteson, Barney's father, Mr. Barney, and stepmother, Mrs. Barney as inconsistent with Barney's ability to perform part-time janitorial work. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (reasoning that inconsistency with the claimant's activities was a germane reason to reject lay testimony). The ALJ properly rejected the lay testimony from Ms. Rinehardt and did not err in failing to discuss the statement from Mr. Duguay because their testimonies did not contain any opinions as to Barney's functional limitations. *See Valentine*, 574 F.3d at 691–92 (the ALJ is not required to reject a recommendation that does not identify any functional limitations).

We reject Barney's contention that the RFC and hypothetical to the vocational expert were both incomplete because the ALJ properly rejected the evidence that Barney relies on for his argument. *See Stubbs-Danielson*, 539 F.3d at 1175–76 (rejecting a challenge to the RFC and vocational expert hypothetical

4

that relied upon evidence properly rejected by the ALJ). To the extent that Barney contends that the ALJ erred at step four because Barney's work as a cleaner was never substantial gainful activity, any error was harmless because the ALJ made alternative findings at step five that Barney could perform jobs that existed in significant numbers in the national economy. *See Molina*, 674 F.3d at 1115 (error is harmless where it is inconsequential to the ultimate nondisability determination).

**AFFIRMED.**