**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STANDEN, | No. 17-17386 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01267-EFB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted July 25, 2019**

Before: GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Michael Standen appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Standen's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo. *Attmore v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We vacate and remand for further proceedings.

The ALJ erred in failing to consider Dr. Reddy's post-surgery records and evaluate the opinions contained therein. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."). Where, if credited, a medical opinion that the ALJ failed to address could affect the disability determination, it is "appropriate to vacate the district court's opinion, remand with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment" on the overlooked records. *Marsh*, 792 F.3d at 1173.

Because the ALJ expressly limited his consideration of Dr. Reddy's opinions to those provided prior to Standen's surgery, we reject the Commissioner's argument that the ALJ adequately considered Dr. Reddy's post-surgery records and provided legitimate reasons for discounting them. We likewise reject the Commissioner's argument that, by not challenging the ALJ's assessment of other medical opinion evidence, Standen has waived any challenge to the ALJ's failure to consider Dr. Reddy's opinions.

We also reject the Commissioner's assertion that Dr. Reddy's post-surgery records support the ALJ's findings and any error was thus harmless. Dr. Reddy's

post-surgery records include the opinion that Standen could return to work but with "[n]o lifting greater than 10-15 pounds." This opinion is inconsistent with the ALJ's RFC finding that Standen could perform "light work," including lifting up to twenty pounds. *See* 20 C.F.R. § 404.1567(b). Because Dr. Reddy's opinion is inconsistent with the ALJ's RFC finding, we cannot "confidently conclude" that the error was harmless. *Marsh*, 792 F.3d at 1173.

The ALJ gave specific and legitimate reasons for assigning little weight to treating physician Dr. Smith's opinion that Standen was completely disabled. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ properly considered the consistency of Dr. Smith's RFC assessment with the record, 20 C.F.R. § 404.1527(c)(4), and the ALJ's decision reflects consideration of the *Trevizo* factors, including Dr. Smith's specialization and the nature and length of the treatment relationship. *See Trevizo*, 871 F.3d at 675 (citing 20 C.F.R. § 404.1527(c)(2)–(6)).

The ALJ did not err in failing to consider the side effects of Standen's medications because Standen failed to produce "evidence of side effects severe enough to interfere with [his] ability to work." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

**VACATED AND REMANDED.**