**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHALISE AUSTIN,

              Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

              Defendant-Appellee.

No. 19-35670

D.C. No. 9:18-cv-00060-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted June 1, 2020
Portland, Oregon

Before:  BERZON, COLLINS, and VANDYKE, Circuit Judges.

Shalise Austin appeals the district court's affirmance of the decision of the

Social Security Administration denying her claim for disability insurance benefits

and supplemental security income.  We review the district court's decision de

novo.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

We will set aside the agency's decision when the findings of the administrative law

judge ("ALJ") "are based on legal error or are not supported by substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is a "term of art" that "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (simplified).

1. The district court did not abuse its discretion in disregarding the Commissioner's alleged violation of a local rule concerning the format of briefs. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). That local rule requires that, in "Social Security Cases," each party's principal brief must contain a "concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." *See* D. MONT. L. CIV. R. 78.2(c)(2). Even if the Commissioner's brief did not contain any such statement of the case, the omission makes no difference. Austin's opening brief in the district court amply set forth the relevant facts and procedural history, as framed by the ALJ's ruling, and the Commissioner's responsive brief adequately addressed the relevant points of disagreement. In all events, we review the ALJ's decision through the same lens that the district court did, and the Commissioner's brief in this court (which contains a fully sufficient statement of facts) renders irrelevant any conceivable prejudice from any failure to comply with the district court's local rule.

2

2. The ALJ did not err in concluding that Austin's disabilities did not "meet[] or equal[]" a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii).

a. We reject Austin's contention that the ALJ's discussion of whether her impairments met the requirements of "Listing 1.04" was too abbreviated. Because Austin, during the administrative proceedings, "did not offer any theory, plausible or otherwise, as to how [her] impairments combined to equal a list[ed] impairment," the ALJ was "not required," in his ruling, "to discuss the combined effects of [her] impairments or compare them to any listing in an equivalency determination." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (discussing *Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001)). Here, the "ALJ appropriately addressed the issues that [Austin] raised and determined that [she] did not meet or equal any listing." *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013). The substantial evidence supporting that conclusion is evident from the findings included elsewhere in the ALJ's ruling. *Id*.

b. Substantial evidence supports the ALJ's determination that Austin's impairments are not equivalent to Listing 1.04, "disorders of the spine." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 1.04. To show equivalence with a listed impairment, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). As the ALJ elsewhere noted, Austin's March 2016 MRI revealed

no "evidence of spinal cord impingements or severe foraminal narrowing," and a May 2014 MRI "did not reveal high-grade foraminal stenosis" and showed only "minor central stenosis." Moreover, the ALJ pointed to January 2016 treatment notes indicating that Austin "was able to walk normally" and that "she exhibited normal extremity muscle tone." These findings support the conclusion that the additional criteria of "motor loss (. . . muscle weakness)" (Listing 1.04A) or "inability to ambulate effectively" (Listing 1.04C) were not met. In light of these findings, substantial evidence supports the ALJ's conclusion that Austin failed to show that her impairments "result[ed] in compromise of a nerve root . . . or the spinal cord" that was "equivalent in severity" to Listing 1.04.

3. In determining Austin's "residual functional capacity," the ALJ found that Austin suffered from underlying impairments that could produce the symptoms alleged, but the ALJ rejected Austin's testimony regarding "the intensity, persistence, or functionally limiting effects" of those symptoms. *See* 20 C.F.R. § 404.1529(b). "An ALJ may reject a claimant's testimony about symptom severity only by offering specific, clear and convincing reasons . . . supported by substantial evidence from the administrative record." *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (simplified). The ALJ here provided clear and convincing reasons that are supported by a permissible reading of the record.

In discounting Austin's testimony, the ALJ relied on appropriate factors, including that the claimed severity of her symptoms was not supported by the objective medical evidence; that it was inconsistent with her daily activities; and that her course of medication indicated less severity than she claimed. *See* 20 C.F.R. § 404.1529(c)(2), (3)(i), (iv); *see also Burch*, 400 F.3d at 680–81; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although there is evidence that might have supported contrary findings on one or more of these points, substantial evidence supports the ALJ's conclusions. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" (citation omitted)). Specifically, the ALJ concluded that multiple MRIs had revealed no "spinal cord impingements or severe foraminal narrowing"; that the "more recent treatment notes" revealed that she "was able to walk normally" and did not indicate "greatly reduced ranges of motion"; that medication "reduced her pain to a 'tolerable level'"; and that she had been able to perform a variety of daily activities, including caring for several children, shopping, and driving. Moreover, the ALJ did not completely discount her claimed limitations, instead specifically agreeing that her "lumbar pain would preclude her from more than light work with postural limitations to limit an increase in her symptoms." The ALJ's "clear, convincing and specific reasons for

5

partially rejecting" Austin's testimony were supported by a "'rational interpretation'" of the record evidence. *Burch*, 400 F.3d at 681 (citation omitted).[1]

4.  Austin contends that the ALJ's hypothetical questions to the vocational expert were based on the ALJ's deficient residual functional capacity determination, which did not reflect her actual limitations. Because we have rejected Austin's challenges to the ALJ's determination of residual functional capacity, her challenge to the hypotheticals posed to the ALJ likewise fails.

**AFFIRMED.**

---

[1] On appeal, Austin also contends that the ALJ failed to consider evidence of facet arthritis in assessing her residual functional capacity. This argument was not raised in her opening brief in the district court, and it is therefore forfeited. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). In that brief, Austin only mentioned facet arthritis in connection with her arguments about Listing 1.04, but even assuming that she has facet arthritis, her arguments based on Listing 1.04 still fail for the reasons noted earlier.