NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT G. WILSON, Jr.,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>              Defendant-Appellee. | No. 20-35198<br><br>D.C. No. 3:18-CV-01984<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 7, 2021
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.
Dissent by Judge FRIEDLAND

Robert G. Wilson appeals from the district court's order, which affirmed the

denial of Wilson's application for disability insurance benefits under Title II of the

Social Security Act.  In relevant part, Wilson alleges disability due to mental

impairments from August 4, 2014 through August 10, 2016.  Wilson argues on

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

appeal that the administrative law judge ("ALJ") erred by improperly rejecting several medical opinions and concluding that Wilson had the residual functional capacity to work as a janitor or bench assembler during the alleged disability period. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Wilson first argues that the ALJ erred by rejecting Dr. Winifred Ju and Dr. Irmgard Friedburg's opinion that "[d]ue to low tolerance for frustration, [Wilson] will occasionally respond inappropriately to changes at work and requires supported transitions." The ALJ gave "moderate weight" to the opinion of Dr. Ju and Dr. Friedburg, who were nonexamining psychological consultants, because it was "inconsistent with [Wilson's] current activities."

Even if the ALJ erred in his reasoning, the error was harmless because substantial evidence supports the ALJ's finding that Wilson had the residual functional capacity to perform "light work" during the alleged disability period. Despite Wilson's alleged impairments, Wilson's self-reporting during the alleged disability period demonstrates that he was "able to perform a wide variety of activities." *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). Moreover, Dr. Donna Wicher, to whom the ALJ gave "great" weight, examined Wilson and determined that he "was able to perform complex mathematical calculations" and that he had only "mild

2

deficits in his ability to perform activities of daily living, moderate deficits in social functioning, and moderate deficits in concentration, persistence, and pace." The medical opinion of an examining physician, like Dr. Wicher, is generally "entitled to greater weight than the opinion of a nonexamining physician," like Dr. Ju or Dr. Friedburg. *See Buck v. Berryhill*, 869 F.3d 1040, 1049–50 (9th Cir. 2017) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Accordingly, notwithstanding any alleged error, substantial evidence supports the ALJ's ultimate conclusion that Wilson was not disabled during the alleged disability period. *See Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020) (affirming denial of disability benefits and holding that the ALJ's error was harmless "because there [was] ample evidence in the record supporting the ALJ's conclusion").

2.	Wilson also argues that the ALJ erred by rejecting Dr. Slater Tai's opinion that Wilson's alleged disability "would have caused him to miss work at least two days per month on average and to be off task at least 20% of a fulltime work day." The ALJ gave "little weight" to the opinion of Dr. Tai, who treated Wilson, because—among other reasons—"the medical record as a whole does not support the severity of her opinions."

Again, even if the ALJ erred in failing to provide a more specific reason for discounting Dr. Tai's opinion, the error was harmless. The numerous medical opinions in the record on which the ALJ relied—and to which the ALJ gave "great"

3

and "moderate" weight—all provided a brighter assessment of Wilson's residual functional capacity, compared to Dr. Tai's particularly grim assessment. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." (internal citation omitted)); *see also Magallanes v. Bowen*, 881 F.2d 747, 751–55 (9th Cir. 1989) (affirming denial of disability benefits where ALJ rejected the opinions of two treating physicians based on claimant's testimony and the opinions of non-treating physicians). For example, in contrast to Dr. Tai's opinion that Wilson "was always limited" and "frequently seriously limited" in his "ability to interact with others and maintain concentration, persistence, and pace," Dr. Wicher described Wilson's limitations as "moderate" and "mild." Additionally, Dr. Ju and Dr. Friedburg opined that Wilson "can sustain a routine" and "perform activities within a schedule," concluding that Wilson could "complete a normal work week." Because substantial evidence supports the ALJ's ultimate conclusion that Wilson was not disabled during the alleged disability period, any alleged error was harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[E]ven when the ALJ commits legal error, we uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its

4

decision with less than ideal clarity." (internal citation omitted)).

**AFFIRMED**.

Wilson, Jr. v. Saul, No. 20-35198

FRIEDLAND, J., dissenting:

The majority concludes that the ALJ's failure to provide a specific reason for discounting Dr. Tai's opinion was harmless. I disagree.

The ALJ was required to provide "specific and legitimate reasons" for giving Dr. Tai's opinion little weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotation marks omitted). Of the three specific reasons the ALJ provided, two were based on factual errors and one was abandoned by the Commissioner in his answering brief. The only remaining reason that the ALJ gave for discounting Dr. Tai's opinion—that "the medical record as a whole does not support the severity of her opinions"—was not sufficiently specific to qualify as a "specific and legitimate" reason. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation marks omitted).

This error was not harmless. Although the majority's approach suggests otherwise, we may not look to the remainder of the record to infer additional reasons for rejecting Dr. Tai's opinion that the ALJ himself did not provide. *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017); *cf. Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Indeed, our requirement that an ALJ must give "specific and legitimate reasons" for rejecting the opinions of treating doctors would be toothless if we could simply furnish those reasons ourselves on

1

harmless error review.  And even if we could provide reasons on an ALJ's behalf,

given the importance of Dr. Tai's opinion as Wilson's treating psychiatrist, I would

not be able to confidently conclude that the ALJ would have reached the same

decision if not for his errors.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

2015).

 For the foregoing reasons, I respectfully dissent.