NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

STEPHANIE AUSTIN,

Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner of Social Security,

Defendant - Appellee.

No. 23-3602

D.C. No.
3:23-cv-05185-RSM

MEMORANDUM*

---

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 27, 2025**
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Stephanie Austin appeals the district court's judgment affirming the Acting

Commissioner of Social Security's denial of her application for disability benefits

and supplemental income. Austin claims that the Administrative Law Judge (ALJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

harmfully erred by rejecting the 2019 medical opinion of Dr. Geordie Knapp and by discounting her subjective testimony. We review the district court's decision *de novo* and will "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Additionally, "we apply harmless error analysis to social security cases" and "we must analyze harmlessness in light of the circumstances of the case." *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (cleaned up). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The ALJ properly considered the persuasiveness, consistency, and supportability of Dr. Knapp's 2019 opinion. *See* 20 C.F.R. § 404.1520c(a). The ALJ found that, unlike his 2018 opinion, Dr. Knapp's 2019 opinion that Austin was "markedly limited" psychologically and cognitively was "extreme and not supported by the record as a whole." The ALJ noted the opinion's insufficient explanation and inconsistency with Austin's longitudinal record. The ALJ also observed inconsistencies between the opinion and Dr. Knapp's observations of Austin's unremarkable "logical and progressive thought processes, normal orientation, normal perception, cooperative and pleasant behavior" and her overall record, which included myriad normal cognitive and mental status indicators and reports of daily living and social activities. Accordingly, the ALJ's rejection of Dr.

Knapp's opinion was reasonable and supported by substantial evidence, and any error was harmless. *See Marsh*, 792 F.3d at 1172.

2. The ALJ offered specific, clear, and convincing reasons for discounting Austin's subjective testimony. *See Smartt*, 53 F.4th at 494–95. The ALJ found that Austin's allegations of pain and other physical impairments were "out of proportion to the objective findings." As support, the ALJ cited a plethora of normal clinical findings over time; these showed, for example, that Austin could often walk without difficulty, had normal range of motion, demonstrated full or close to full motor strength, had no signs of clubbing or swelling, and reported low pain ratings. With respect to Austin's purported mental impairments, the ALJ likewise found her claims to be incompatible with record evidence. Austin's medical records demonstrated full alertness and cognition, grossly intact memory, generally pleasant or cooperative behavior, adequate grooming and hygiene, and no suicidal ideation. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince. Here, it does: the ALJ cited specific, clear, and convincing examples across a multi-year period contrasting [Austin]'s subjective pain testimony with objective medical evidence." *Id.* at 499 (internal quotation marks and citation omitted).

In addition, the ALJ considered Austin's alleged impairments, incorporating several "precautionary" measures in the residual functional capacity determination (RFC), even where there was limited or conflicting evidence. For example, Austin's RFC bars crawling, even though two medical opinions stated that she can crawl. The ALJ also reduced her productivity by 5% to account for potential side effects from medication, even though "none of the opinions includes [such] a limitation."

3. To the extent Austin argues that a remand is required any time a district court finds error in the ALJ's analysis, we disagree. We must affirm an ALJ's decision so long as it is free of legal error and supported by substantial evidence, even where "the evidence is susceptible to more than one rational interpretation." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024). Here, the ALJ's decision was well-reasoned and supported by substantial evidence, and any alleged error, as explained above, was harmless. *See Marsh*, 792 F.3d at 1172.

**AFFIRMED**.