**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORILLIOUS LAMAR BLACKSHER, Jr., | No.   17-16727 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05216-VC |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 22, 2019[**]

Before: LEAVY, TALLMAN, and R. NELSON, Circuit Judges.

Orillious Blacksher appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act.  We review the district court's decision to deny benefits de novo.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). "The Commissioner's decision to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (quotations and citations omitted). Even if the ALJ "commits an error of law," we must affirm the decision "if the error is harmless." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Because the ALJ committed errors that we cannot find harmless on this record, we reverse and remand for further proceedings.

The ALJ did not commit harmful error when evaluating Dr. Boroff's and Dr. Cary's opinions. The ALJ provided specific and legitimate reasons for affording treating psychologist Dr. Boroff's opinion little weight. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ did, however, err by discounting Dr. Boroff's opinion based on his failure to inquire about Blacksher's substance abuse and his lack of knowledge of Blacksher's drug use after an appointment with him, as well as by relying on Dr. Boroff's failure to refer Blacksher for psychiatric treatment and medication. Nevertheless, these errors were harmless because the ALJ properly relied upon Blacksher's gaps in treatment with Dr. Boroff and inconsistencies between Blacksher's behavior and Dr. Boroff's observations. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Neither has Blacksher shown that the ALJ erred in evaluating the opinion of

2

consulting psychologist Dr. Cary. Contrary to Blacksher's argument, an ALJ is not required to provide reasons in support of incorporating a medical opinion into the residual functional capacity determination. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Similarly, the ALJ reasonably interpreted Dr. Cary's opinion and testimony to mean that Blacksher's symptoms were more likely at listing level due to use of other substances rather than Blacksher's mental health symptoms alone. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Additionally, Blacksher does not explain how an opinion that he meets Listing 12.03 if he is using marijuana supports a finding that he is disabled, even absent controlled substance use issues, as required to receive disability benefits. *See* 42 U.S.C. § 423(d)(2)(C); *id.* § 1382c(a)(3)(J).

Next, the ALJ erred by failing to provide specific and legitimate reasons for assigning only some weight to examining psychologist Dr. Kalich's medical opinion evidence. Specifically, the ALJ did not explain why he did not credit a significant and probative portion of Dr. Kalich's opinion stating, "it is likely that [Blacksher's] mental illness would be severe, even in the absence of substance use." *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (an ALJ must address significant or probative evidence). And non-examining psychologist Dr. Cary's conclusion to the contrary that without substance abuse Blacksher would have only "mild" restriction of daily activities is not enough on its own to meet the

3

substantial evidence standard. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."); *see also Ryan*, 528 F.3d at 1201– 02. Because Dr. Kalich's opinion goes to the level of Blacksher's disability and capacity independent of substance abuse, the ALJ did not properly address it, and that opinion is not contradicted by substantial evidence in the record, we cannot conclude the error was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) (holding an error was harmful where an ALJ failed to mention a contrary opinion of a treating physician related to disability and remanding for further proceedings).

This error also pervades the ALJ's application of the six-question inquiry to determine the materiality of Blacksher's substance use. Moreover, in applying that materiality test, the ALJ stated that Blacksher's "choice to continue substance abuse effectively precludes him from demonstrating (as opposed to merely alleging) that even without substance abuse he would be disabled under the Act." However, the ALJ's reasoning that Blacksher categorically cannot establish a disability absent sobriety is contrary to agency rulings. *See* SSR 13-2p, 2013 WL 621536, at *12; *id.* at *4 ("There does not have to be evidence from a period of abstinence for the claimant to meet his or her burden of proving disability."); *see*

4

*also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (SSRs "do not carry the force of law, but they are binding on ALJs nonetheless," and "[t]hey reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations") (citations and quotations omitted). Although the ALJ may still find Blacksher's substance abuse is material to his disability on remand, we cannot conclude on this record that the errors in applying the materiality test, taken together, were harmless.

Finally, the ALJ did not commit harmful error in discounting the testimony of Blacksher or his mother ("Ms. Blacksher"). As to Blacksher's testimony, the ALJ proffered clear and convincing reasons for discounting it, even if some reasons were erroneous. The ALJ erred by citing Blacksher's daily activities and his gaps in treatment, as these reasons lack supporting explanation and substantial evidentiary support, respectively. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006); *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). However, the ALJ properly relied upon Dr. Cary's opinion, which runs counter to Blacksher's symptom allegations, *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002), and the fact that there is no medical evidence in the record from Blacksher's alleged onset date of August 1, 2009, through January 2012, *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Because substantial evidence supports the ALJ's evaluation of Blacksher's statements, these

5

errors were harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Regarding the ALJ's rejection of the lay testimony from Ms. Blacksher, even assuming Ms. Blacksher's error in misremembering the timelines for her son's employment does not constitute a germane reason to reject her testimony, this error was harmless. Ms. Blacksher's testimony was substantially similar to that of her son. Because the ALJ provided clear and convincing reasons for discounting Blacksher's statements, "it follows that the ALJ also gave germane reasons for rejecting" Ms. Blacksher's similar testimony, and so any error was harmless. *See Valentine*, 574 F.3d at 694.

We remand on an open record for further proceedings so the ALJ can reconsider the portion of Dr. Kalich's opinion regarding the severity of Blacksher's impairments if he ceased substance abuse; properly apply the six-question materiality inquiry without requiring a showing of sobriety; and conduct such further proceedings consistent with this decision as the ALJ deems appropriate.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**