NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERT M. YOUNG,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 19-15790

D.C. No. 1:18-cv-00195-DKW-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 1, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Albert Young appeals from the district court's order affirming the decision

of the Commissioner of Social Security denying his claim for disability insurance

benefits. We affirm.

1. We reject Young's argument that the ALJ failed to include all of Young's

limitations in the hypotheticals the ALJ posed to the vocational expert. Young's

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

argument relies on the erroneous premise that the ALJ found that Young "could lift no weight on a frequent basis." The ALJ made no such finding. On the contrary, the ALJ expressly determined that "the claimant can lift and/or carry at the light level of exertion (*i.e.*, 20 pounds occasionally and 10 pounds frequently . . .)." The fact that the ALJ omitted to mention that Young could lift 10 pounds frequently in his earlier summary of Young's residual functional capacity does not negate or vitiate the ALJ's specific finding on this score. The ALJ therefore properly included this limitation in the questions posed to the vocational expert. Given that the "hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record," the "ALJ's reliance on testimony the [vocational expert] gave in response to the hypothetical therefore was proper." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

2. The ALJ properly declined to credit Young's contentions concerning the extent of his back pain and related symptoms, as set forth by Young in his written statements for the record and his oral testimony at both hearings.

a. As an initial matter, we reject Young's argument that, by failing expressly to mention Young's assertion that his back pain created a need for him to take weeks off from work at a time, the ALJ thereby overlooked that testimony and failed to give reasons to discount it. The ALJ specifically cited Young's written

statements and testimony as among the items he had "carefully consider[ed]," and he gave specific reasons why he did not credit Young's claims concerning the "limiting effects" of Young's symptoms, including his "back and knee pain." The ALJ was not required to mention explicitly, in his ruling, each detail of Young's testimony, such as the need to take off weeks at a time from work. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony . . . .").

b. We conclude that, in making his adverse credibility finding, the ALJ articulated "'clear and convincing reasons,'" *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)), which are supported by substantial evidence in the record, *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015).

An ALJ may consider inconsistency between a claimant's symptom testimony and the objective medical evidence in the record in determining whether to discount the claimant's symptom testimony. *See* 20 C.F.R. § 404.1529(c)(1)–(2); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Substantial evidence supports the ALJ's conclusion that this ground was applicable here. The relevant period of time at issue is January 1, 1996 (the date of alleged disability) through June 30, 1999 (Young's date last insured). The ALJ noted that medical records from that time period indicate that Young had a variety of ailments, such as an

3

accidental injury to his hand and a bout of dengue fever, but that these records also included a physical examination that described his condition as "generally unremarkable." Moreover, the ALJ noted that there were "no x-rays, CT scans, magnetic resonance images, electrodiagnostic studies" or other comparable "objective medical evidence" to support Young's claims. *See* 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence of this type is a useful indicator . . . [of] the intensity and persistence of your symptoms . . . ."). Although some of the records from that time period, as well as from the immediately ensuing years, occasionally mentioned back pain, the ALJ permissibly found that the objective medical evidence in the record did not support Young's symptom testimony and weighed in favor of discounting this testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ also properly concluded that the "minimal treatment record prior to June 30, 1999" did not support Young's "subjective complaints." As we have explained, "'evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment.'" *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Parra v. Astrue*, 481 F.3d

4

742, 751 (9th Cir. 2007)) (further quotation marks omitted).  Substantial evidence supports the ALJ's conclusion on this score, because the record evidence from the relevant time frame is devoid of any significant treatment directed towards Young's occasional contemporaneous complaints of back pain.

Finally, the ALJ also noted that his evaluation of Young's claimed limitations was consistent with the opinion testimony offered by a non-examining physician who had reviewed the entire record.  *See* 20 C.F.R. § 404.1529(c)(1), (4); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).  The ALJ properly concluded that, although this opinion was provided 17 years after the last insured date, it represented, in light of the record as a whole, the "best approximation" of Young's limitations with respect to the relevant time period.

**AFFIRMED.**