NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMY FIEDEROWICZ,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   19-35567

D.C. No. 3:18-cv-01036-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 12, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge; HAWKINS and McKEOWN, Circuit Judges.

Amy Lorene Fiederowicz appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, and the Commissioner's decision must be affirmed if supported by substantial evidence, and if the Commissioner applied the correct legal standards. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). If the evidence is "susceptible to more than one rational interpretation," we are required to affirm. *Id.* (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation on other grounds*). We affirm.

The ALJ erred in failing to discuss the April 2013 opinion of Fiederowicz's treating physician Dr. Jacqueline Lustig, which addressed Fiederowicz's condition shortly after brain surgery during which she suffered a stroke. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015). Dr. Lustig's opinion was considered, however, in Fiederowicz's prior unsuccessful claim for benefits, and her current claim alleged a failure to improve sufficiently in subsequent months. In the context of the current claim, the ALJ's error is harmless because Dr. Lustig's assessment of Fiederowicz's post-operative condition is "inconsequential to the ultimate nondisability determination" and this court can confidently conclude that no reasonable ALJ could have reached a different disability determination based on the neglected opinion. *Id.* at 1173 (quoting *Stout v.*

17-16254

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

Substantial evidence supports the ALJ's evaluation of the opinion of examining clinical neuropsychologist Dr. Julia Wong-Ngan. The ALJ was not required to include every facet of Dr. Wong-Ngan's opinion in the residual functional capacity (RFC) because the ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *See Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Moreover, the ALJ discounted parts of Dr. Wong-Ngan's opinion for valid reasons, and the RFC was properly based on Dr. Wong-Ngan's clinical findings, as well as other opinions and evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005).

**AFFIRMED.**