NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA MARIE GAMEL,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    19-35916

D.C. No. 3:18-cv-00313-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 10, 2022[**]
San Francisco, California

Before:  WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Cynthia Marie Gamel appeals from the district court's judgment affirming

the Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  Gamel argues that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

administrative law judge (ALJ) erred in discounting Gamel's subjective symptom testimony and erred in discounting the opinion of Gamel's treating psychologist, Dr. Nancy Nelson. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

"We review the district court's decision sustaining the ALJ's denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record," and "we may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

First, the ALJ did not err in discounting Gamel's subjective symptom testimony. An "ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks and citation omitted). Here, the ALJ provided specific, clear, and convincing reasons for discounting Gamel's testimony. The ALJ discounted Gamel's testimony in part because Gamel's daily activities during the period under review were "inconsistent with her alleged total disability to work." *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that an ALJ may discount a claimant's

testimony based on inconsistencies between the claimant's testimony and daily activities). The ALJ highlighted that Gamel was "operating a self-employment cake decorating business, watching her infant grandson multiple times per week, was attending a watercolor class, attended a wedding, and was able to go camping on multiple occasions with her husband," and that Gamel "was able to fully participate in the search for new employment and the job interview process."

Second, the ALJ did not err in discounting the opinion of Dr. Nelson, who concluded that Gamel was unable to manage her psychological symptoms, sustain an ordinary routine, or work a full day, and that she would need to take unscheduled breaks from even a simple, routine job. The ALJ discounted Dr. Nelson's opinion in part because "the daily activities described by [Gamel], particularly the ability to care for an infant child 3 or more days per week, bely the level of functional limitation suggested by Dr. Nelson." *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (holding that an ALJ may discount the opinion of a treating physician where the opinion conflicts with the claimant's daily activities).

We must uphold the ALJ's finding that Gamel's daily activities were inconsistent with Dr. Nelson's opinion, even if the evidence of Gamel's daily activities could be construed differently, because the ALJ provided a rational interpretation of the evidence. *See Molina*, 674 F.3d at 1111. Any error in the

3

ALJ's additional reasons for discounting the opinion of Dr. Nelson was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (applying the harmless error standard when reviewing an ALJ's analysis of the credibility of the treating physician's opinion).

**AFFIRMED.**