**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK JOHNSON, | No. 21-15919 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02001-JDP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Argued and Submitted June 14, 2022
San Francisco, California

Before:  S.R. THOMAS, GOULD, and BEA, Circuit Judges.
Dissent by Judge BEA.

Plaintiff-Appellant Mark Johnson appeals from a summary judgment order in

which the district court sustained an Administrative Law Judge's (ALJ) decision to

deny Johnson's request for disability benefits.  We have jurisdiction under 28 U.S.C.

§ 1291.  "We review the district court's order affirming the ALJ's denial of social

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (cleaned up). Applying these principles, we vacate the summary judgment order and remand Johnson's case to the agency for further proceedings consistent with this decision. On remand, the ALJ should permit the parties to proceed on an open record.

1.      Johnson claims that the ALJ improperly disregarded a two-page letter that his licensed clinical social worker, Linda C. Paoli, wrote in support of his request for disability benefits. Johnson is incorrect in the sense that the ALJ designated Paoli's letter as Exhibit 1F and cited it several times in his decision. But nowhere does the ALJ's decision examine the substance of Paoli's letter. This omission is significant because the parties agree that Paoli is a medical source who can give a medical opinion. Yet the parties dispute whether Paoli's letter contains medical opinions such that the ALJ had to analyze their persuasiveness using the five factors enumerated in 20 C.F.R. § 404.1520c(c)(1)–(5), and articulate in his written decision how he considered the supportability and consistency factors as required by 20 C.F.R. § 404.1520c(b)(2). We cannot properly address these questions because they went unanswered by the ALJ. *See Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015) ("This Court cannot affirm the decision of an agency on a ground that the

2

agency did not invoke in making its decision." (cleaned up)). We remand this case so the agency can address in the first instance whether Paoli's letter includes medical opinions. If it does, the ALJ should analyze the persuasiveness of Paoli's medical opinions and set out an analysis of the supportability and consistency factors, and any other factors that the ALJ deems relevant. *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1)–(5); *Woods v. Kijakazi*, 32 F.4th 785, 791–92, 793 n.4 (9th Cir. 2022) ("[T]o avoid confusion in future cases, ALJs should endeavor to use these two terms of art—'consistent' and 'supported' with precision.").

In disputing this analysis of the Paoli letter, the dissent posits that we view *Chenery* as precluding harmless error review. That is wrong because the above paragraph makes no such suggestion and does not even mention harmless error. And in setting out its harmless error discussion, the dissent assumes that Paoli's letter contains some medical opinions. The dissent then theorizes that the ALJ implicitly analyzed these putative medical opinions of Paoli because other medical sources made purportedly identical statements. We disagree. The dissent cites statements by non-Paoli medical sources about the Paoli letter when these statements were not relied on by the ALJ. This analysis is inconsistent with *Chenery* because it is not grounded in the ALJ's decision. *See* 318 U.S. at 88; *Rounds*, 807 F.3d at 1004; *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("We are constrained to *review* the reasons the *ALJ* asserts." (cleaned up and emphasis in original)). Absent

the statements not cited by the ALJ, the dissent is left with: (1) the statement of M. Giannuli, Ph.D., that Johnson responded well to medication but has difficulty following his prescription plan; and (2) the statements of Tawnya Brode, Psy.D. and Norman Zukowsky, Ph.D., that Johnson has moderate social functioning limitations and exhibits varying mood and affect that complicate his ability to get along with other people. We cannot conclude from these factually sparse statements that the ALJ adequately considered putative medical opinions in the Paoli letter. *See Brown-Hunter*, 806 F.3d at 494–95 (holding that an ALJ's error is not harmless where it prevents "the agency's path" from being "reasonably . . . discerned" (cleaned up)); *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding a petitioner's case to the Social Security Administration "where the ALJ did not even mention" a relevant medical opinion because we could not "confidently conclude that the error was harmless" (cleaned up)).

2.      We remand Johnson's case to the agency for further proceedings consistent with this decision. On remand, the ALJ shall proceed on an open record. We need not address any other issues raised by the parties, and we conclude that the parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**

4

*Johnson v. Kijakazi* (21-15919)

BEA, Senior Circuit Judge, dissenting:

The majority vacates the district court's summary judgment order and remands back to the agency on account of the ALJ's failure explicitly to consider a two-page letter from licensed clinical social worker Linda Paoli (the Paoli Letter). For the following reasons, I believe this failure was harmless error, and accordingly, I respectfully dissent.

1. Both parties agree that a licensed clinical social worker is capable of rendering medical opinions under 20 C.F.R. § 404.1502(d). However, even assuming the Paoli Letter is a medical opinion, every limitation described in the Paoli Letter was explicitly considered (and rejected) elsewhere in the ALJ's consideration of other medical opinions in the record. *See, e.g., Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (noting that, in the context of harmless error analysis of lay witness testimony, "if ten lay witnesses submitted statements that the claimant is unable to lift more than ten pounds and thus cannot return to her previous work, and the ALJ properly rejected the testimony of nine of them because it was belied by the medical evidence in the record," it would be harmless error to fail explicitly to reject the tenth lay witnesses' identical testimony); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (Gould, J.) (noting that harmless error analysis applies even where "an ALJ ignores a treating source's medical opinion.").

2. As framed by Appellant himself, the Paoli Letter put forth the following limitations: **(1)** that antidepressants were ineffective in treating Appellant's noted problems; **(2)** that Appellant's past history demonstrated difficulties at work resulting from his noted problems; and **(3)** that Appellant would have a difficult time finding a new job moving due to his noted problems.

With respect to limitation **(1)**, the ALJ permissibly rejected this precise limitation when considering the medical opinion of psychologist M. Giannuli, Ph.D., which opinion noted both that Appellant "had a very good response" to certain antidepressants, and that Appellant "does not attend very well to his medical needs." Moreover, Dr. Giannuli's observations with respect to Appellant's experience with antidepressants was explicitly credited by the ALJ in his decision, as the ALJ stated that Appellant "was noted as having a good response to antidepressant medication; however, there is evidence of non-compliance with the same," citing exhibit 2F for that proposition, where exhibit 2F was Dr. Giannuli's medical opinion.

With respect to limitations **(2)** and **(3)**, the ALJ explicitly considered both in permissibly evaluating the opinions of state agency consultants Tawnya Brode, Psy.D and Norman Zukowsky, Ph.D., since each of these individuals explicitly reviewed the Paoli Letter in providing their own opinions. Specifically, Dr. Brode noted that "we do have one note and a letter from Paoli, LCSW indicating some ongoing rage issues. He is active in [substance abuse treatment] and recently applied

to Delta College." Furthermore, Dr. Brode summarized the Paoli Letter as follows: "[Appellant] would have great difficulty getting and keeping a job. His paranoia would lead to anger outbursts with co-workers and/or customers. His difficulty with authority figures would similarly impede his keeping of a job." Likewise, Dr. Zukowsky relied on the identical summary of the Paoli Letter as described in the preceding sentence. And in commenting on the Dr. Brode and Dr. Zukowsky opinions, the ALJ explicitly rejected limitations **(2)** and **(3)** from the Paoli Letter by stating that he "agrees with both Drs. Brode and Zulowsky that the claimant has moderate limitations in social functioning. As discussed above, the claimant has exhibited varying mood and affect, and has reported difficulty in getting along with others."

3. The majority does not dispute that the ALJ permissibly evaluated the above described medical opinions, which opinions collectively accounted for every limitation put forth in the Paoli Letter. Nor does the majority explain what limitations they believe were present in the Paoli Letter which were not accounted for by these medical opinions. Instead, the majority incorrectly asserts the above analysis runs afoul of *Chenery* because it "cites statements by non-Paoli medical sources about the Paoli Letter *when those statements were not relied upon by the ALJ*." (emphasis added). This assertion is plainly incorrect, as for each limitation noted above, I quote the ALJ's explicit statements on those limitations. The majority

fails to explain why it finds the ALJ's explicit statements and findings of fact concerning these limitations to be inadequate. In my view, it seems quite clear that "the agency's path" can "reasonably . . . [be] discerned" with respect to every limitation of the Paoli Letter based on what the ALJ explicitly found in his decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494–95 (9th Cir. 2015). Thus, the ALJ's failure explicitly to mention the Paoli Letter is harmless error, and therefore, the ALJ's denial of benefits should be affirmed.