NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CATHERINE STALDER,

Plaintiff - Appellant,

v.

LELAND DUDEK[*], Acting Commissioner
of Social Security,

Defendant - Appellee.

No. 24-370

D.C. No.
2:22-cv-00235-RMP

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted December 4, 2024
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Catherine Stalder ("Stalder") appeals the district court's decision affirming

---

[*] Leland Dudek is substituted for his predecessor Carolyn W. Colvin, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Acting Social Security Commissioner's (the "Commissioner") denial of her application for social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291. "We review the decision of the district court de novo" and "must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (cleaned up). "We may not reweigh the evidence or substitute our judgment for that of the ALJ." *Id.* at 1115. In addition, we "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

Stalder claims that the Administrative Law Judge ("ALJ") harmfully erred by ignoring her chronic pain syndrome and by insufficiently considering her psychological impairments, particularly her difficulty in interacting with others. We agree. We therefore vacate the district court's affirmance of the denial of benefits and remand.

1. The ALJ erred in failing to consider Stalder's chronic pain syndrome beginning at step two and throughout the five-step sequential disability evaluation. *See* 20 C.F.R. §§ 416.920, 404.1520. As the Commissioner has recognized in other cases, chronic pain syndrome is an independent, medically determinable impairment that may be severe at step two. *See, e.g.*, *Chaudhry v. Astrue*, 688 F.3d

661, 666 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1097 (9th Cir. 2014). The syndrome has "physical and psychological component[s]" that must be holistically assessed. *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995). The syndrome causes pain that "merges into and becomes a part of the mental and psychological responses that produce the functional impairments. The components are not neatly separable" and "are so inextricably linked," that "the Commissioner must consider whether these impairments taken together result in limitations equal in severity to those specified by the listings" at step two. *Id*. at 829–30.

Here, there is no dispute that the ALJ did not explicitly mention Stalder's chronic pain syndrome or its impact on her functioning, despite a record replete with medical evidence of the syndrome. Stalder was diagnosed with the syndrome since at least early 2019, and it was her primary diagnosis at one point. Several physicians—not just Dr. Ridgeway, as the Commissioner suggests—also observed and treated Stalder's chronic pain syndrome with intensive medication regimes and numerous trigger point shots. The Commissioner's own medical examiners also expressly assessed Stalder's chronic pain syndrome. And while the ALJ was not required to "perform a line-by-line exegesis" of all this evidence, *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020), he still had a duty to consider *all* relevant evidence in the record, particularly when pain is alleged. 20 C.F.R.

3                                                  24-370

§ 416.920(a)(3); *Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); *accord Lester*, 81 F.3d at 829–30. Simply put, the ALJ needed "to do more than was done here," which was complete silence on the myriad medical evidence of chronic pain syndrome. *Lambert*, 980 F.3d at 1277.

2. Because the ALJ did not provide any indication that he properly considered or rejected Stalder's alleged disability from her chronic pain syndrome, "we cannot treat the error as harmless." *See id*. at 1278; *Marsh v. Colvin,* 792 F.3d 1170, 1173 (9th Cir. 2015) (applying harmless error review and remanding where the ALJ failed to consider a diagnosis and related medical evidence).

The Commissioner's arguments to the contrary require us to improperly "engage in . . . substitution or speculation," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and "affirm the ALJ on a ground upon which he did not rely," *Garrison*, 759 F.3d at 1010. For example, the Commissioner argues that, while the ALJ never expressly considered chronic pain syndrome, he implicitly considered it because he stated that he "considered all symptoms," including pain, "and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence" in the residual functional capacity ("RFC") analysis. Notwithstanding that such a catch-all, "boilerplate statement" generally hinders "meaningful review," *see Lambert*, 980 F.3d at 1277; *Treichler*, 775 F.3d at 1103, the ALJ's discussion of Stalder's pain in the RFC analysis appears limited to the

conditions the ALJ expressly considered at step two. The ALJ did not consider how Stalder's chronic pain syndrome manifested through different symptoms, such as intense muscle spasms and pelvic pain. Nor did the ALJ discuss any of the "inextricably linked" psychological impairments associated with chronic pain syndrome. *Lester*, 81 F.3d at 830. On this record, we cannot "confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Marsh*, 792 F.3d at 1173 (finding harmful error).[1]

The Commissioner's assertion that the ALJ's rejection of Dr. Ridgeway's report, which specifically discussed Stalder's chronic pain syndrome, equates with the proper consideration, and rejection, of the syndrome is similarly unavailing. First, in evaluating Dr. Ridgeway's medical opinion, the ALJ did not discuss Dr. Ridgeway's diagnosis or treatment of Stalder's chronic pain syndrome. Second,

_____

[1] In insisting on harmlessness, the Commissioner appears to improperly conflate the ALJ's step two consideration of fibromyalgia and carpal tunnel syndrome with consideration of chronic pain syndrome. *See, e.g.*, *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (concluding ALJ's determinations were not supported by substantial evidence where ALJ conflated anxiety with panic disorder). While fibromyalgia, carpal tunnel, and chronic pain syndrome all involve like symptoms of pain, chronic pain syndrome is a distinct, medically determinable impairment with unique physical and psychological components that must be considered holistically. *See, e.g.*, *Lester*, 81 F.3d at 829; *Treichler*, 775 F.3d at 1097; *compare* SSR 03-2p (Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome) with SSR 12-2p (Fibromyalgia). Indeed, the Commissioner ultimately conceded during oral argument that chronic pain syndrome and fibromyalgia are medically and legally distinct conditions.

the record contains various other physicians' diagnosis, assessment, and treatment of Stalder's chronic pain syndrome. There is no indication that the ALJ considered this evidence in evaluating the supportability and consistency of Dr. Ridgeway's opinion or in determining Stalder's RFC. *See* 20 C.F.R. § 404.1520c(b); *Hill*, 698 F.3d at 1161 (concluding the ALJ's RFC determination was "not supported by substantial evidence" where ALJ excluded evidence of distinct diagnosis).

Moreover, the ALJ's rejection of Dr. Ridgeway's report rested on the ground that "such medical opinion appears to be supported only with reference to subjective complaints, without any mention of objective findings." Setting aside that an ALJ "may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged," there *was* objective evidence in the record. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020); *accord Ferguson v. O'Malley*, 95 F.4th 1194, 1200–01 (9th Cir. 2024). Stalder was repeatedly found to have "[m]ultiple trigger points" and "ropey tender muscle spasms" and was continuously treated with several medications and shots for chronic pain syndrome. *Cf. Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017) (finding that "tender-point examinations themselves constitute objective medical evidence" under agency policy). "We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting" Stalder's chronic pain syndrome and related symptoms "where, as here, the ALJ never identified

*which*" evidence of the syndrome, if any, the ALJ considered. *Brown-Hunter*, 806 F.3d at 494; *accord Lambert*, 980 F.3d at 1277–78. Relatedly, we "may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter*, 806 F.3d at 492.

3. Stalder also contends that the ALJ erred in discounting her testimony regarding the effects of her psychological impairments on her ability to interact with others. Because chronic pain syndrome "has both a physical and psychological component" and "merges" with mental functioning, the ALJ's failure to consider Stalder's chronic pain syndrome also renders the ALJ's assessment of Stalder's mental functioning inadequate. *See Lester*, 81 F.3d at 829–830. We therefore do not reach Stalder's additional arguments regarding the ALJ's assessment of her ability to interact with others.

For the reasons above, a remand is required "to allow the agency to consider in the first instance an issue that it had not previously addressed." *Miskey v. Kijakazi*, 33 F.4th 565, 575 (9th Cir. 2022). Specifically, the ALJ should consider evidence of Stalder's chronic pain syndrome and its impact, if any, on her physical and mental functioning.

**VACATED and REMANDED.**